20-3751-cv
*McDonald's Corp. v. Vanderbilt Atlantic Holdings LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-one.

PRESENT:   PIERRE N. LEVAL,
                    JOSÉ A. CABRANES,
                    WILLIAM J. NARDINI,
                                *Circuit Judges.*

---

MCDONALD'S CORPORATION,

                    *Plaintiff-Counter-Defendant-Appellee,*                    20-3751-cv

                    v.

VANDERBILT ATLANTIC HOLDINGS LLC,

                    *Defendant-Counter-Claimant-Appellant.*

---

FOR DEFENDANT-APPELLANT:        STEPHEN B. MEISTER, Howard S. Koh (*on the briefs*), Meister Seelig & Fein LLP, New York, NY.

FOR PLAINTIFF-APPELLEE:        BRENDAN M. WALSH, Pashman Stein Walder Hayden P.C., Hackensack, NJ.

Appeal from an October 8, 2020 order of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 8, 2020 order of the District Court is **AFFIRMED** and the cause **REMANDED** for further proceedings.

Vanderbilt Atlantic Holdings LLC ("Vanderbilt") appeals the District Court's denial of its motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, of claims brought against Vanderbilt by Appellee McDonald's Corporation ("McDonald's") pursuant to the parties' commercial property lease. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As relevant here, the lease provided that, if the parties disagreed about the fair market value ("FMV") of the rental property, each was to appoint an appraiser to assess the FMV and be bound by the average between the two valuations unless the valuations differed by more than 15%. If the valuations differed by more than 15%, the two appraisers were to appoint a third and the three appraisers were to attempt to jointly estimate the FMV. Failing agreement between a majority of the three appraisers, the parties were to be bound by the average among the three valuations. The lease also provided (in the "Cooperation Clause") that "[i]f one of the parties . . . fails to cooperate in any way so that the [FMV dispute resolution] process . . . cannot be completed prior to 120 days of the expiration of the primary term of this Lease, the FMV of the one appraiser chosen by the cooperating party shall be used to determine the rent during the extension periods."[1]

The parties disagreed over the FMV and therefore began the dispute resolution process. When the two party-designated appraisers failed to agree, McDonald's brought this suit seeking (1) a declaratory judgment stating that Vanderbilt had failed to cooperate with the contractual dispute resolution procedure for calculating McDonald's' rent and (2) if necessary, a declaratory judgment stating that the three appraisers were to be permitted to collaborate to seek agreement on an FMV estimate. Vanderbilt moved to compel arbitration, arguing that that the lease agreement gave the appraisers authority to resolve all contractual disputes about renewal of rent, including disputes over whether parties participated in good faith in the resolution process and disputes over the roles of the appraisers.

In its Memorandum and Order of October 8, 2020 ("Memorandum"), the District Court denied Vanderbilt's motion, holding that the provision in the lease contemplating the appointment of appraisers was a "narrow" arbitration clause that did not "encompass [McDonald's'] claims regarding [Vanderbilt's] lack of good faith in the appraisal process and the role of the third appraiser."[2] The District Court based this conclusion chiefly on three considerations: First, the lease

---

[1] Joint Appendix, 58.

[2] *McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, No. 19CV06471DLIST, 2020 WL 6481408, at *6 (E.D.N.Y. Sept. 30, 2020).

2

"defined and limited the appraisers' responsibilities" as providing estimates of FMV.[3] Second, the expertise of appraisers does not extend to "address[ing] claims concerning a party's good faith or the role of the third appraiser, which is a matter of contract interpretation."[4] Third, to refer the issue of Vanderbilt's compliance with the Cooperation Clause to the appraisers would lead to anomalous results that the parties could not be reasonably supposed to have intended.[5]

We agree with the District Court's interpretation of the lease. Vanderbilt insists that McDonald's has, as a cynical stalling tactic, reframed what is clearly a technical dispute over appraisal methodology as a dispute over the Cooperation Clause. In essence, Vanderbilt asserts that its compliance with the Cooperation Clause is so obvious that the District Court can simply ignore McDonald's' claim to the contrary as a sleight of hand. But the issue of Vanderbilt's compliance *vel non* with the Cooperation Clause is—whether easy or difficult to resolve, and whether or not requiring consideration of appraisal methodologies—clearly a question of contract interpretation squarely raised by McDonald's' suit, and one that the lease does not reserve to the appraisers. It is clearer still that the lease does not contemplate that appraisers will resolve disputes regarding the powers or duties of appraisers. Therefore, substantially for the reasons stated by the District Court in its Memorandum, we affirm the October 8, 2020 order of the District Court. We emphasize that this disposition does not preclude the District Court from referring the cause to arbitration at a later stage of the litigation, if warranted by development of the facts and issues in the case.

---

[3] *Id.* at *4.

[4] *Id.* at *5.

[5] "Common sense and logic dictates that [authorizing the appraisers to determine whether a party has complied with the appraisal process] cannot be what the parties intended. When a party fails to cooperate, that party's appraisal is a nullity. The cooperating party's appraisal alone binds the parties and there is no need for a third appraiser. Thus, the parties could not have intended for the third appraiser to decide if a party has cooperated. If the parties intended for the appraisers to decide this question collectively, the third appraiser also would need to decide whether the cooperating party's appraisal controls. However, if the third appraiser decides that a party has not cooperated, the third appraiser's mandatory obligation to appraise the property's FMV would be obviated and rendered meaningless." *Id.* at *6.

3

## CONCLUSION

We have considered all Vanderbilt's arguments and find them to be without merit. Accordingly, we **AFFIRM** the October 8, 2020 order of the District Court and **REMAND** the cause for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk